862 F.2d 1327
 24 Soc.Sec.Rep.Ser. 73, Medicare&Medicaid Gu 37,591
UNITED STATES of America, Appellee,
v.
Richard D. BUSHMAN, D.P.M., Appellant.
UNITED STATES of America, Appellee,
v.
Robert L. BUSHMAN, D.P.M., Appellant.
 No. 87-1759.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 20, 1988.
Decided Dec. 9, 1988.
Rehearing Denied Jan. 18, 1989.
 
 Gerald Warren, St. Louis, Mo., for appellant.
 Joseph B. Moore, St. Louis, Mo., for appellee.
 Before McMILLIAN Circuit Judge, BRIGHT, Senior Circuit Judge, and Fagg, Circuit Judge.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 These appeals follow actions brought by the United States to recover from appellants Richard D. Bushman and Robert L. Bushman overpayments made pursuant to Part B of the Medicare Act. The Bushmans defend their refusal to refund the overpayments by alleging that the manner in which their claims were considered violated their procedural due process rights. The district court[1] found in favor of the United States, holding that to the extent the Bushmans sought review of Medicare Part B determinations, the court lacked jurisdiction. The court further held that, although it did have jurisdiction over the Bushmans' federal constitutional claim, the Bushmans failed to prove any constitutional deprivation. The court thereupon ordered the Bushmans to refund the overpayments to the United States. This appeal followed and, for the reasons set forth below, we affirm.
 
 I. BACKGROUND
 
 2
 Richard and Robert Bushman are podiatrists who, between October 1979 and October 1981, provided medical treatment to Medicare beneficiaries under Part B of Title XVIII of the Social Security Act, 42 U.S.C. Secs. 1395 et seq., commonly known as the Medicare program. The patients assigned their claims for benefits to the Bushmans pursuant to 42 U.S.C. Sec. 1395u(b)(3)(B)(ii) and the Bushmans, in turn, filed requests for payment with General American Life Insurance Company (General American), a carrier authorized by the Secretary of Health and Human Services to make such payments.
 
 
 3
 By letters dated December 22, 1981, and December 27, 1981, Phyllis Seka, Director of Medicare Program Control at General American, advised the Bushmans in writing that a full scale review of a statistically valid sample of their claims revealed that Richard Bushman had received $11,784.00 in overpayments and that Robert Bushman had received $9,139.20 in overpayments. Seka requested refunds of the overpayments.
 
 
 4
 The Bushmans requested a hearing on General American's determination pursuant to 42 U.S.C. Sec. 1395u(b)(3)(C) and 42 C.F.R. Secs. 405.801 et seq. Hearing Officer Linda Benso conducted the hearing at which she considered the 251 claims submitted by the Bushmans between October 1979 and October 1981, and concluded that General American had properly paid forty-two of those claims but had improperly paid the remaining 209 claims. Benso thus adjusted Richard Bushman's overpayment determination to $9,047.04 and Robert Bushman's overpayment determination to $7,484.00.[2]
 
 
 5
 The Bushmans requested review by the Health Care Finance Administration (HCFA). The Associate Regional Administrator of HCFA, William Blake, after reviewing the documents submitted, requested that General American either reopen the case or reaffirm its decision. Benso reaffirmed her decision on August 27, 1984, and Blake so advised the Bushmans.
 
 
 6
 The Bushmans, nevertheless, refused to refund the overpayments, and on August 1, 1985, the United States instituted these recovery actions. The Bushmans answered, defending their refusal to pay by contending that Hearing Officer Benso conducted an unfair hearing on determination of their benefits and, thus, denied the Bushmans their due process rights.
 
 
 7
 After a trial to the district court, Judge Limbaugh, citing United States v. Erika, Inc., 456 U.S. 201, 203, 102 S.Ct. 1650, 1651-52, 72 L.Ed.2d 12 (1981), held that to the extent the Bushmans sought review of General American's Medicare Part B determinations, it was without jurisdiction to hear their complaint. The district court proceeded, however, relying on St. Louis Univ. v. Blue Cross Hosp. Serv., 537 F.2d 283, 292 (8th Cir.1976), and Hatcher v. Heckler, 772 F.2d 427, 429-31 (8th Cir.1985), to consider the Bushmans' claims to the extent that they challenged, as violative of their federal due process rights, the manner in which General American made its determinations. The court, nevertheless, held that the Bushmans failed to prove any due process violation and ordered Richard Bushman to refund overpayments totaling $9,047.04 and ordered Robert Bushman to refund overpayments totaling $7,398.40.
 
 
 8
 This appeal followed.
 
 II. DISCUSSION
 
 9
 Our review of this case must necessarily begin with an inquiry into the court's subject matter jurisdiction. The district court concluded that it had jurisdiction over the constitutional claims. We disagree.
 
 
 10
 Part B of the Medicare Act is a voluntary supplemental insurance program covering, generally, eighty percent of the reasonable charges for physician's services, as well as certain other medical and health benefits. Benefits determinations under Part B are made by the carrier with whom the Secretary of Health and Human Services contracts to administer the program, in this case, General American. Claimants are entitled to de novo review of any benefits determination with which they are dissatisfied. 42 C.F.R. Secs. 405.807-405.812. If the amount in controversy is $100.00 or more, the dissatisfied claimant is entitled to an oral evidentiary hearing. 42 U.S.C. Sec. 1395u(b)(3)(C); 42 C.F.R. Secs. 405.820-405.835. Unless the carrier or hearing officer decides to reopen the proceeding, this decision is final and binding upon the parties. 42 C.F.R. Sec. 405.835. No further review of the carrier's determination of the amount of benefits payable under Part B is contemplated by the Act. Erika, 456 U.S. at 206-08, 102 S.Ct. at 1653-55.
 
 
 11
 The Bushmans, however, claim that they are not seeking review of the amount of General American's benefits determinations, but are seeking their constitutionally guaranteed right to a fair hearing before an unbiased hearing officer and that, thus, this court has jurisdiction to hear their claims. The Bushmans cite our opinion in St. Louis Univ., 537 F.2d at 292, where we held "that Congress did not intend for [the jurisdictional limitations contained in the Medicare Act] to apply to the Medicare Act in such a manner as to completely bar judicial consideration of a claim of denial of due process." In Hatcher, however, we carefully limited the reach of St. Louis University. and made clear that not every due process claim is cognizable by the courts. "Any exception to [the Medicare Act's jurisdictional limitations], such as we found in St. Louis University, can have application only to cases where the constitutional claims relating to procedures are collateral to, and not 'inextricably intertwined with,' claims for entitlement." Hatcher, 772 F.2d at 431 (citation omitted).
 
 
 12
 The essence of the Bushmans' due process claim is that they received an unfair hearing. They claim in their answers to the Government's complaints that Benso based her decision on evidence that was inadmissible, incompetent and highly prejudicial to the Bushmans; that Benso never concluded that the services rendered by the Bushmans were not medically necessary; and that Benso was biased against the Bushmans and engaged in a scheme to build evidence against them. In essence, they claim that Benso's decision was wrong and that they were entitled to payment for the services rendered. Their appellate brief is essentially an argument as to the validity of their claims.
 
 
 13
 These are precisely the kinds of claims we cannot review. Even though the Bushmans couch their claims in constitutional language, i.e., their due process right to a fair hearing, the import of their allegations is clear: they seek our review of the validity of their claims by asserting that the result reached was error because of Benso's alleged bias and incompetence. At bottom, this is simply a claim that the Bushmans were entitled to the Medicare Part B benefits they received, a claim not cognizable by this court. Erika, 456 U.S. at 206-08, 102 S.Ct. at 1653-55. Further, to the extent that such a claim does implicate the due process clause, it is so inextricably intertwined with the Bushmans' claims for benefits that it is unreviewable by this court. See Heckler v. Ringer, 466 U.S. 602, 614, 104 S.Ct. 2013, 2021, 80 L.Ed.2d 622 (1984); Hatcher, 772 F.2d at 431. Were we to review such a claim, we would be opening the door to every dissatisfied Medicare Part B claimant who believes the decision maker acted unfairly and made a decision based on the wrong evidence. This we cannot do in light of the congressional mandate to place the ultimate discretion for claims determinations in the Medicare carrier. See Hatcher, 772 F.2d at 429 (the legislative history clearly supports the proposition that Congress limited jurisdiction over Part B claims in order to protect the courts from the inevitable overloading which would surely result if every dissatisfied Medicare claimant appealed to the federal courts). Such claims are so inextricably intertwined with General American's benefits determinations that we cannot decide them without exceeding our jurisdiction.
 
 III. CONCLUSION
 
 14
 Because the federal courts lack subject matter jurisdiction over the Bushmans' claims, we need not address the constitutional arguments raised. We affirm the district court judgment ordering Richard Bushman to pay $9,047.04 and Robert Bushman to pay $7,398.40 in favor of the United States.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Court for the Eastern and Western Districts of Missouri
 
 
 [2]
 General American later adjusted the determination of Robert Bushman's overpayments to $7,398.40